THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX MUÑIZ MARRERO, Defendant and Appellant.

No. 11358. Argued April 12, 1946.—Decided April 30, 1946.

*Enrique Báez García* for appellant. *E. Campos del Toro, Attorney General (Luis Negrón Fernández, Acting Attorney General,* on the brief), and *J. Correa Suárez, Assistant Prosecuting Attorney (Fiscal),* for appellee.

MR JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from a judgment sentencing the defendant to a year in the penitenciary after his conviction by a jury on a charge of manslaughter.

Gregorio Castillo testified on behalf of the People that he was in bed at 9 p.m. on August 18, 1942, when he heard his cousin, the defendant, calling him. He dressed and went outside, where he found the defendant and Jacinto Vargas, his brother-in-law, engaged in a discussion. The defendant said

to the witness, "Jacinto is waiting to fight me." The witness told them to go home, that they were friends. Vargas insisted he would not go home and said to the defendant, "Let us have a fist fight." Vargas had a stick in his hand and he bent over to put it on the ground, when the defendant hit Vargas on the head with the hard part, made of lead, of a leather whip. Vargas fell to the ground, the defendant fell on top of him, and they began to fight. The defendant, but not Vargas, who was stronger than the defendant, began to bleed. Vargas succeeded in getting the whip away from the defendant, whereupon the latter fled to his home. Vargas left and walked home.

A doctor who made the autopsy testified that he found a bruise above the right eye on the body of Vargas, who died about 8 p.m. on August 19 of a cerebral hemorrhage which could have been produced by a blow with the head handle of the leather whip which Castillo had testified the defendant used to strike Vargas.

On cross-examination the doctors testified that the body had only this one blow on it, that he could not determine how much time elapsed from the time Vargas received the blow until he died, and that the contusion could have been caused by a blow with a piece of wood, iron, stone or a fist or by a fall.

The defendant contends that the guilt of the defendant, and specially the *corpus delicti*, was not established beyond a reasonable doubt. His argument is that the testimony of the doctor was not sufficient under § 206 of the Penal Code [1] to show beyond a reasonable doubt that the death of Vargas was caused by the defendant inasmuch as the doctor testified only that the blow with the whip *could* have caused the death of Vargas, whereas he admitted that his death could have come from a blow received in several other possible ways.

[1] Section 206 reads as follows: "No person can be convicted of murder or manslaughter unless the death of the person alleged to have been killed, and the fact of the killing by the defendant as alleged, are established as independent acts; the former by direct proof and the latter beyond a reasonable doubt."

But the testimony was that the defendant hit Vargas with a whip, that the doctor found evidence of only one blow on his head, that such a blow could cause a fatal hemorrhage, and that he died the next day from a hemorrhage. We cannot say that the jury was not warranted in drawing the inference that the blow inflicted by the defendant was the cause of the death of Vargas. See *People* v. *Moreno,* 28 P.R.R. 96, 100-101; *People* v. *Maceira,* 40 P.R.R. 671, 674-5; *The People* v. *Rosado,* 17 P.R.R. 417; *People* v. *Ives,* 110 P. (2d) 408 (Calif. 1941).

██ ██ The next error assigned relates to the alleged failure of the jury to believe testimony of the defendant to the effect that, prior to the arrival of Castillo on the scene, the decedent, who was drunk, assaulted the defendant, throwing him off his horse, which he had been riding home, and that during this altercation the defendant struck Vargas with the whip which he was carrying to use on the horse. These facts, according to the defendant, demonstrate that the decedent provoked the fight and that the defendant struck him in self-defense. · The defendant insists that the jury was required to believe this testimony, citing *People* v. *Pellicier,* 56 P.R.R. 846, and *People* v. *Sánchez,* 55 P.R.R. 342.

In the *Sánchez* case we stated at p. 360 that "when a confession . . . containing avoidances is presented in evidence, the jury should be instructed that said manifestations should be considered as true unless they are refuted." However, the cases we cited in the *Sánchez* case in support of this statement disclose that this is a limited rule with a number of exceptions. *Yarbrough* v. *State,* 67 S. W. (2d) 612 (Tex. 1933); *Combs* v. *State,* 108 S. W. 649 (Tex. 1908). And authority exists for the proposition that exculpatory matter in · a confession is to be treated like any other evidence with the jury at liberty to believe or reject it. VII Wigmore on Evidence, 3d ed., § 2100; see *People* v. *Arrocho,* 34 P R.R. 809, 812, 13; *The People* v. *Flores,* 17 P.R.R. 166, 178.

However, we need not re-examine the statement quoted in the *Sánchez* case; even if we were disposed to adhere to it,

it does not apply to the circumstances of this case. Here there was no confession. After the government completed its case, the defendant took the stand and testified on his own behalf. Under those circumstances the jury was at liberty to treat him like any other witness and to believe or reject all, part or none of his testimony. *People* v. *Arrocho, supra; People* v. *Flores, supra.*[2]

Moreover, there was certainly no prejudicial error here as the district court, at the request of the defendant, actually charged the jury on the theory that the *Sánchez* case did apply to the testimony of the defendant at the trial, telling it that "the testimony of the defendant Félix Muñiz Marrero to the effect that the decedent assaulted him and hit him twice while the defendant was on horseback and that the defendant hit his aggressor, who was Jacinto Vargas, and he was still on horseback to avoid getting hit any more by the deceased, is testimony which must be taken to be true by the jury, unless you consider that proof exists showing the contrary."

This charge was more favorable to the defendant than that to which he was entitled under the law. But even assuming the instruction represented a correct statement of the law, the jury was not compelled to find that while the defendant was still mounted on the horse and before the arrival of Castillo, the defendant struck Vargas with his whip in self-defense. The jury was entitled to reject this testimony of the defendant because the record contains "proof showing the contrary"—the testimony of Castillo that the defendant struck Vargas with the whip after Castillo arrived on the scene and while the decedent was bending over to put his stick on the ground; and the testimony of the doctor that there was evidence of only one blow on the head or body of Vargas.

The judgment of the district court will be affirmed.

---

[2] The *Pellicier* case does not hold the contrary. It did not, as the defendant seems to believe, apply the doctrine of the *Sánchez* case to the testimony of a defendant who took the stand as a witness on his own behalf. On the contrary, we indicated at p. 850 that the question need not be considered in the absence of any request for a special instruction on this point.